# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DONALD MALEC and MARTIN ZELISKO,

    Plaintiffs,

v.

THE VILLAGE OF OAK BROOK, a municipal Corporation; OAK BROOK POLICE SERGEANT RANDALL MUCHA; OAK BROOK POLICE DEPUTY; CHIEF STEPHEN LARSON; and OAK BROOK POLICE SERGEANT TAMIE SHUEY,

    Defendants.

No. 06 C 5167
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The defendants seek modification of the complaint because they regard it as a violation of the requirement that the complaint be a short and plain statement of the claim.

For the reasons that follow, I order the filing of a revised complaint. In ¶ 9, the parenthetical sentence is unnecessary to a pleading. The fact that the FOP Lodge 213 had become more political in recent years may be a relevant fact, but it is unnecessary to state a claim. A similar pattern of rhetoric rather than fact pervades the complaint. While ¶ 10 is straightforward and states a premise for the claim, the preceding paragraph asserts that two of the officers referred to in ¶ 10 became "very politically active." I don't know how the complainant would define politically active let alone very politically active. I do understand the statement that they endorsed a candidate for Village President. "Politicized" is both too vague and too normative a word to state a fact. And the Police Department is not an actor that can become

more politicized. It is hard to tell what meaning this might have, since we have no allegation as to how political the relations were between the officers and the Village administration at a prior time. "Politicize" is a loaded word which will elicit either a refusal to admit or deny. Either admitting or denying is not useful because we don't know what is meant by "politicized" in this context or how either side defines more or less. Without the loaded words, what should have been alleged is something like this:

"Members of the Police Department were divided over the candidates for Village President with those who wanted Mr. Carpino to become the next Chief of Police and those who did not." The next paragraph should identify which officers were on Carpino's side. That there was division is one fact. Who was on which side is a separate fact. The defendants may be able to admit division and yet not be able to say precisely which officers belonged to which side. In ¶ 13, the defendant is asked to admit or deny that it was widely perceived that the retirement of certain officers was forced. I can understand why the perception of certain persons, say the plaintiff, might be relevant but "widely perceived" is too vague. Perceived by whom? Admitting or denying general perception is of no use in a short, plain statement of a claim and, indeed, may not be relevant. These are my observations on just one page of the complaint. From these I believe plaintiffs' counsel can understand what I think is wrong about this complaint. This is a political retaliation case, and such claims have been made before, some of them quite valid. What we have here is not a short, plain statement of the case. The complaint reads like a political pamphlet itself, not like a complaint at law. This repleading is delaying whatever relief the plaintiffs might be justly entitled to.

The florid adjectives do not aid the plaintiffs' cause and ought to be toned down. What pleading purpose is served by referring to one person as "a polarizing candidate for chief of police' which a defendant could deny on the ground that the candidate was controversial or not supported by all officers or opposed by many officers but not to the level of being fairly called "polarizing". It is better to allege that some officers opposed his appointment. "Pressured" in ¶ 18 is similarly unhelpful, particularly since the defendant could be perfectly willing to concede that certain things were said to plaintiffs, and deny it was pressure but rather advocacy. It would be more useful to specify what statements or actions were perceived as pressure which would at least lead to an answer that defendants required further investigation to admit or deny.

While I am not a stickler for single-sentence paragraphs in a complaint, the four-sentence ¶ 19 is difficult to justify. The sentences describe conversations on eleven or so subjects with eight separate persons. That is 88 separate facts, not including the question of who initiated the conversations and whether the relationship between these persons and the plaintiffs results solely from their work in the Village for many years. All of this is topped off with a conclusory allegation that these were "quintessential matters of public concern." The subjects may well be matters of public concern, but they might also include complaints about personal matters as well. This paragraph is not one which I would force any plaintiff to answer. It is a suggestion that there may be retaliation for protected speech, but such claim requires far more clarity than is found here. The material in parentheses beginning with the words "such as" would probably be good enough, but the "such as" implies that there is more. Plaintiffs are not sure what, but don't want to limit their complaint. Drafting a complaint does require choosing, and plaintiff should draft a separate paragraph for each subject of public concern and to what persons it was uttered.

3

The first and last sentences are unnecessary, and it does not matter how plaintiffs came to know Village residents. It does not matter who initiated the conversation except, perhaps, in the case of the Village Trustees, and it is a detail that need not be plead. Reading this complaint is not as bad as listening to a witness who insists on describing the clothes they wore at the time of the robbery, but there are some analogies to that experience to be found in reading this complaint. I do not know why the Oak Brook Citizens organization is mentioned in the complaint.

Paragraphs 24-38 are specific and useful in stating the claim, perhaps in more detail than is required, but still useful to the process of this litigation. Paragraph 39 is stricken. There is no purpose to it. All of the adverse actions do not have to be specified in order to state a claim. Whether there is more or less than is alleged in the complaint is something that is the subject of discovery and pre-trial order. Paragraph 39 is an opinion, not a statement of fact.

I have written enough for the plaintiffs' counsel to do a more careful job of picking adjectives without escape hatches and avoiding the "such as" and "for example" that are found in the complaint. The task of finding out exactly what will hold up in court comes later, and plaintiffs are not precluded from adding or subtracting from the facts on which they will rely.

Defendants are excused from answering or otherwise pleading to the complaint until Plaintiffs, attentive to the above observations, file a Second Amended Complaint that will satisfy the Court that it contains, in the circumstances of this case, a short and plain statement of the claim.

ENTER:

4

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: January 26, 2007