# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DONALD MALEC and MARTIN ZELISKO,<br><br>Plaintiffs,<br><br>v.<br><br>THE VILLAGE OF OAK BROOK, a municipal Corporation; OAK BROOK POLICE SERGEANT RANDALL MUCHA; OAK BROOK POLICE DEPUTY CHIEF STEPHEN LARSON; and OAK BROOK POLICE SERGEANT TAMMIE SHUEY,<br><br>Defendants. | No. 06 C 5167<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

This is a dispute between two Oak Brook police officers—Donald Malec and Martin Zelisko ("Plaintiffs")—and the Village of Oak Brook, a deputy chief and two sergeants (collectively "Defendants"). All Defendants move to dismiss some, but not all, of the current complaint. There are five parallel counts alleged for each plaintiff (ten counts in all). They are First Amendment retaliation, violation of Equal Protection, denial of due process, false light invasion of privacy and intentional infliction of emotional distress.

Oak Brook is a Village, not a tiny one, but a Village nonetheless. It is alleged that it has its share of poisonous politics. Some residents were opposed to the manner in which the Village president, Kevin Quinlan, was handling his duties. Of particular interest to Plaintiffs was their view of the forced departure of the police chief and the deputy and the failure to appoint a

permanent chief of police. Plaintiffs expressed their views to the most vocal critics of the Village administration.

Plaintiffs allege that (as a consequence of their speaking out) Defendants labeled them as "disgruntled employees" and "bad apples." [1]

Plaintiffs assert that Defendants' judgment led them to fabricate reasons to investigate Plaintiffs' professional conduct, fabricate false e-mails and complaints, summarily punish them for this alleged misconduct, and place false, negative comments in their performance review where they would be read by Plaintiffs' superiors.

Defendants characterize the complaint this way: "Malec and Zelisko supported candidates that lost an election and spoke out to members of the community about matters of political public concern [for which] they have been retaliated against, treated differently than other officers and wrongly disciplined because of their speech." This is a little curt, but fair.

Defendants do not seek dismissal of the § 1983 retaliation claims for Plaintiffs' exercise of First Amendment rights or the state law claim of intentional infliction of emotional distress.

The due process claims are, clearly, substantive. There is no identification of any procedural process that was denied. The substantive due process remedy is a narrow one, generally not applicable to denial of rights protected by other constitutional provisions. It is largely reserved for "conscience shocking," *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998), denial of rights in narrow areas not

---

[1] Accepting the facts Plaintiffs allege, the phrase "disgruntled employee" is fair; it is "bad apple" that is the negative description.

including the ones encompassed in this complaint. *Spiegel v. Rabinowitz,* 121 F.3d 251, 254 (7th Cir. 1997).

The suggestion that there is a procedural due process denial in the transfer, without hearing, of one plaintiff to a shift without a female supervisor will not work. There is no property interest in working on shifts with female supervisors absent loss of pay or position. *Bordelon v. Chicago School Reform Board,* 233 F.3d 524, 530 (7th Cir. 2000).

The First Amendment clause covers the claims made here. Counts III and VIII are dismissed.

Despite Plaintiffs' arguments, the Equal Protection claims are, I think, dependent upon class-of-one rules announced in *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). This is not a gender or race-based discrimination case; it is a case of bad treatment based on illegitimate animus. *Maulding Development LLC v. City of Springfield,* 453 F.3d 967, 970 (7th Cir. 2006). Defendants make an interesting argument that this cannot be a class-of-one case because Plaintiffs allege a custom and policy of the Department and the Village to retaliate against all who criticize the political leadership of the Village. In short, Plaintiffs concede that the Village treats all in their class equally—equally badly, in violation of First Amendment rights. This is perhaps too clever to rest a ruling on, but it demonstrates how badly the claim fits within equal protection jurisprudence, which requires that a plaintiff be treated differently from others similarly situated. Equal protection is not a favored doctrine in this context, as laid out quite clearly in *Lauth v. McCollum,* 424 F.3d 631, 634 (7th Cir. 2005). *Lauth* requires the absence of any conceivable basis for the conduct of the government official in order to complain that the equal protection clause was violated in a case like this. The claimed bad conduct here is an

examination of Plaintiffs' conduct that was too scrupulous. But, police officials have always been subject to far more detailed scrutiny and reporting requirements than ordinary employees or government workers.

There is no promise in these equal protection claims. The remedy lies elsewhere. *See Boyd v. Illinois State Police*, 384 F.3d 888 (7th Cir. 2004).

Counts II and VII are dismissed. To make out a claim of false light invasion of privacy, state law requires proof that a defendant, with actual malice, caused plaintiff to be placed in a false and highly offensive light before the public and this within one year of filing of the lawsuit. *Kolegas v. Heftel Broadcasting Crop.*, 607 N.E.2d 201 (Ill. 1992); *Bryson v. News America Publications*, *Inc.* 672 N.E.2d 1207 (Ill. 1996).

In Zelisko's case (Count IX), the statements about which he complains were made over a year before the filing of this suit. Zelisko counters that the false statements were reiterated in his performance reviews within a year of filing the lawsuit.

The principal problem with this argument is that the tort requires placing the plaintiff in a false light before the public. To place a matter in public is to put it before so many persons that it becomes a matter of general knowledge. The false light alleged here was cast upon Zelisko so that it would be seen only by supervisors and co-workers. Judge Gettleman showed that publication within a relatively small workplace communication is not publication at large. *Jones v. Sabis Educational Systems, Inc.*, 1999 U.S. Dist. Lexis 19449 (N.D. Ill. 1999).

Malec's claim (Count IV) is based: 1) on statements that he had sexually harassed Sergeant Shuey, which he alleges were made by Shuey with knowledge that it was false; and 2)

other officers' statements that he was not competent, unprofessional and problematic made by other officers.[2]

Defendant Larsen made his statement more than one year before the filing of the lawsuit. They were reiterated within the one-year period, but only in the performance reviews, which are not disclosed to the public.

Defendant Shuey's statement was made in a formal sexual harassment complaint with the Village. This is not a statement made to the public.[3] Nor is its reiteration in performance evaluations.

Defendant Mucha's statement that Malec offered an obscene insult against Shuey was made to Shuey, not to the public, and it was reiterated only in performance reviews. It, too, was not made to the public.

Above all this, the false light allegations are comments about Plaintiffs' fitness and conduct as police officers. Even if the workplace alone could constitute a "public" within the meaning of the applicable law, the claim here could not stand. If someone accused a plaintiff of something that would expose him to ridicule, but that had nothing to do with his work as a police officer, perhaps this is said to be a "public." But the statements here are relevant to police

---

[2]Oak Brook is immune, under state law, from false light claims. *See Ramos v. City of Peru*, 775 N.E.2d 184 (Ill. App. Ct. 2002). Malec concedes this holding, but argues the case is wrongly decided. I am bound by the opinion.

[3]Public policy would counsel, in any event, against allowing persons to be sued for false light publicity by virtue of the act of pursuing a formal, legal remedy. *Vickers v. Abbott Labs*, 719 N.E.2d 1101 (Ill. App. Ct. 1999).

performance and not within this hypothetical exception.[4] *See Roehrborn v. Lambert,* 660 N.E.2d 180 (Ill.App. 1995).

Counts II, III, IV, VII, VIII and IX are dismissed. Punitive damages against the Village are dismissed.

ENTER:

James B. Zagel
United States District Judge

DATE: May 18, 2007

---

[4] Indeed, an incident of sexual harassment directed by one officer against another may, in some departments, fall into categories of incidents officers are required to report.